In the Matter of PHILIP A. WEXLER, Petitioner, against J. EDWARD CONWAY et al., Constituting the Civil Service Commission of the State of New York, et al., Respondents.

Supreme Court, Special Term, Albany County, September 13, 1952.

*John T. De Graff* and *John J. Kelly, Jr.,* for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Herman N. Harcourt* and *Richard H. Shepp* of counsel), for respondents.

*Ernest B. Morris* for Edward L. Block, intervener.

HAMM, J. This is a proceeding under article 78 of the Civil Practice Act to restrain the respondents from rescinding the petitioner's appointment in the Department of Public Service and from certifying or appointing any other person to his position.

Edward L. Block, an intervener by consent of all of the parties mentioned in the title, was one of the competitors in the examination taken by the petitioner.

The fifth, sixth and seventh persons on the eligible list as promulgated originally on May 28, 1952, were:

| | |
|---|---|
| Philip A. Wexler (Petitioner) | 88.87 |
| Leon C. Reyna | 88.74 |
| Edward L. Block (Intervener) | **85.08** |

The petitioner was certified as eligible for appointment on May 29, 1952, and was appointed on June 16, 1952.

Thereafter it was discovered that the earned ratings of the intervener, Edward L. Block, and of Leon C. Reyna had been computed incorrectly as follows:

|  | Average | Weight | Product |
|---|---|---|---|
| Leon C. Reyna | 76.25 × | 4 = | 299.00 |
| Edward L. Block | 77.39 × | 4 = | 232.56 |

The correct computation should have been:

|  | Average | Weight | Product |
|---|---|---|---|
| Leon C. Reyna | 76.25 × | 4 = | 305.00 |
| Edward L. Block | 77.39 × | 4 = | 309.56 |

and the names of the candidates should have appeared in the fifth, sixth and seventh positions on the eligible list with the following earned marks in the following order:

| Edward L. Block | 92.78 |
|---|---|
| Leon C. Reyna | 89.34 |
| Philip A. Wexler | 88.87 |

It is not disputed that, but for the errors described, the petitioner's name would have appeared seventh and below the names of Edward L. Block and Leon C. Reyna and that the petitioner would not have been reached for appointment on June 16, 1952.

By the show cause order by which this proceeding was instituted the respondents were stayed temporarily from rescinding the petitioner's appointment.

Subdivision 6 of regulation V of the Regulations of the Civil Service Commission provides: " On formal written appeal submitted by the competitor within twenty days after date of inspection of examination papers, the commission may correct any manifest error or mistake of marking or rating appearing in such paper or record, such correction in any case to be without prejudice to the status of any person previously appointed as a result of such examination."

No appeal is here involved and, if the commission may of its own motion correct the errors in computation, the regulation which becomes operative only " on formal written appeal submitted by the competitor " is not a bar to rescission. The regulation, which uses language unnecessarily inclusive in attempting to reiterate the principles enumerated in *People ex rel. Finnegan* v. *McBride* (226 N. Y. 252) is not in issue here. Moreover, subdivision 6 further provides: " This provision shall not be

held to prevent the commission from correcting an obvious clerical error at any time during the life of an eligible list.''

In *People ex rel. Finnegan* v. *McBride* (226 N. Y. 252, 258–259, *supra*) Judge POUND used the following language in defining the extent of the authority of the commission: '' The action of the commission, had with due deliberation, upon such a matter as the establishment of an eligible list, should, for obvious reasons, be regarded as a finality, but the commission's authority thereon does not wholly cease. It certifies names therefrom for appointment. Error may be corrected by setting it aside if it was the result of illegality, irregularity in vital matters, or fraud. The commission may not act arbitrarily. Public officers or agents who exercise judgment and discretion in the performance of their duties may not revoke their determination nor review their own orders once properly and finally made, however much they may have erred in judgment on the facts, even though injustice is the result. A mere change of mind is insufficient. Further action must, where power is not entirely spent, be for cause, with good reasons and proper motives for the correction of improper action. The commission has life and power to vacate a list which has no legal virtue whatsoever.''

The error in this case was not in the exercise of judgment or discretion. If, after appointment, the commission found, for instance, that a certain question was insusceptible of a best answer and should be deleted, the status of a prior appointee could not be disturbed. But the error here was purely ministerial. Subdivision 1 of rule XI of the Rules for Classified Civil Service provides: '' the names of eligibles shall be entered in the order of their final *earned* ratings on examination ''. Subdivision 1 of regulation VI requires the entry of names on the eligible list '' in the order of their respective final *earned* ratings on examination.'' (Emphasis supplied.)

The action of the employees or clerks in committing ministerial errors defeated the judgment of the commission in determining relative weights to be attached to the test and in evaluating the answers given and frustrated the mandate to enter names of eligible persons '' in the order of their final earned ratings on examination ''. The errors were in a vital matter and it would be merely a meiosis to represent them as less than irregularities.

The petitioner's prayer must be denied.

Submit **order.**