John T. Casey, J.
On June 17, 1969, the petitioner took a competitive promotional civil service examination for Assistant Right-of-Way Agent. On August 16, 1969 he was notified that he had received a final rating of 86.5, which placed him fifth in rank on the promotional list. On August 21, 1969, the Department of Transportation (the appointing agency) notified the petitioner that he had been certified by the Department of Civil Service as qualified for appointment by virtue of the results of his examination. By letter dated September 11, 1969, and alleged to have been received September 25, 1969, and prior to any appointment from the certified eligible list, the petitioner was notified by the Department of Civil Service that his name was being removed from the eligible list for failure to meet the requirement of one-year permanent competitive service as Junior Right-of-Way Agent; petitioner admittedly having held such position only for 10 months.
The examination announcement for Assistant Right-of-Way Agent stated that the required length of permanent competí *402 tive service as qualifying experience for taking the test was one year as Junior Bight-of-Way Agent and [the applicant] must have been * ‘ permanently employed in the competitive class (or be on a preferred list) and must be or have been employed for the specified time in the specified title(s) or grade(s) on a permanent or contingent permanent basis.” It further appeared on said announcement under Admission to Examination: “ Notice to appear for the test will be conditional as review of applications may not be made until after the written test.”
The petitioner now contends that his name should be restored to the eligible list for appointment and promotion to Assistant Bight-of-Way Agent on the authority of Matter of Wolff v. Hodson (285 N. Y. 197). This authority simply stands for the proposition that any determination of eligibility made by the Civil Service Commission is conclusive upon the appointing officer even though the commission erred in determining eligibility and that the commission may not refuse to recognize an appointment made from its own eligible list merely because it erred in its determination of matters which it alone had power and jurisdiction to determine. This does not mean that the Civil Service Commission has no power to revoke appointment where the Civil Service Commission has been induced through the fraud of an applicant to admit him to an examination or to correct a rating upon the eligible list from which the appointment is to be made when in fact the applicant does not possess the qualifications formulated by the commission. The case of Wolf itself expressly recognized this (see page 202), and that very case distinguished Matter of Lazenby v. Municipal Civ. Serv. Comm. (116 App. Div. 135, affd. 188 N. Y. 588) and People ex rel. Joyce v. Schirmer (253 App. Div. 845, affd, 277 N. Y. 676) from this petitioner’s situation where it stated that the Civil Service Commission has no inherent authority to correct its own error in determining eligibility to take an examination or in rating those who passed the examination after an applicant has been appointed from an eligible list prepared by the commission.
On the contrary, it has been held that a Municipal Civil Service Commission has the power and duty to rescind a certification for applicant’s misstatement of a material fact on which commission relied in determining the applicant was eligible to take the examination regardless of whether misstatement was made with fraudulent intent or by mistake (Matter of Shraeder v. Kern, 287 N. Y. 13; cf. Matter of McInerney v. Valentine, 181 Misc. 1062) and the courts will refuse to inter *403 fere with removal from a certified list by the commission when such removal is not arbitrary or capricious. (Matter of Phillips v. Brennan, 135 N. Y. S. 2d 591.) Where the error is not in the exercise of discretion but merely ministerial, as here, it may be corrected (Matter of Wexler v. Conway, 203 Misc. 673) and is not limited to instances where fraud or mistake has occurred on the applicant’s part. (Matter of Romanchuk v. Murphy, 200 Misc. 987.)
Here the applicant had not been appointed. He had been admitted to the examination on the express condition that li review of the applications may not be made until after the written test ’ ’. He was fully informed by the notice that he and all other applicants must have had one year as Junior Right-of-Way Agent to qualify to take the examination for Assistant Right-of-Way Agent. Only through an administrative error was he certified eligible. He was removed from the list when such error was discovered as were, or are in the process of being, all other applicants similarly situated. There is no discrimination here, and since the facts are not in dispute, and since the one-year requirement as Junior Right-of-Way Agent as a condition precedent to eligibility is not arbitrary, (Matter of Kiley v. McElroy, 98 N. Y. S. 2d 742; Matter of Stanton v. Municipal Civ. Serv. Comm., 189 Misc. 782) this is but a case of an administrative agency correcting an administrative error; and in so doing the action of the commission cannot be classified as arbitrary, capricious or unreasonable or an abuse of discretion, or affected by an error of law. To hold otherwise, might well destroy the competitive nature of the examinations, for it is quite possible, if not likely, that many applicants did not apply since they did not have the required year’s time in service, and would prefer this petitioner over those applicants who did qualify as to time in service. The petition is dismissed.