Harold E. Koremau, J.
Petitioner seeks a judgment pursuant to article 78 annulling the determination of respondents Civil Service Commissioners disqualifying petitioner from appointment as Excise Tax Investigator in the State Department of Taxation and Finance, and directing respondents to reinstate him to employment with compensation from the date of termination of employment.
The record before the court discloses that petitioner made application for open competitive examination for the position of Excise Tax Investigator. The announcement of the examination stated, among other things, that conviction of a felony will bar, and conviction of a misdemeanor may bar examination and appointment. In response to a question in the application as to whether petitioner had ever been convicted of an offense he placed a check mark in the box marked “ no ”. Thereafter in the course of an interview by the Department of Civil Service, petitioner stated that he had left a position with the Federal Government because he had pleaded “ nolo contendere ” to a Federal charge of conspiracy. Petitioner was then advised that his certification would be suspended and that he could not receive an appointment until further clarification of this matter, and thereafter the Department of Civil Service advised petitioner that his eligibility was restricted and gave him formal written notice of restriction. In response to an inquiry by petitioner’s attorney as to the reasons for this restriction, the Department of Civil Service forwarded a copy of petitioner’s personal history supplement containing a notation 11 Indicted conspiracy — nolo contendere plea to close.” A communication from the *723 United States Attorney for the District of Maryland to the Department of Civil Service states that on March 8, 1971 petitioner entered a plea of nolo contendere as to Count No. 1 of the indictment found against him which charged conspiracy to defraud the United States, and on July 26, 1971 imposition of sentence was suspended as to imprisonment, and petitioner was placed on probation for a period of three years. On February 14, 1973 the Department of Civil Service certified a list of eligibles for the position of Excise Tax Investigator to the Department of Taxation and Finance, with petitioner’s name appearing on the list. A notation placed opposite petitioner’s name (Restrict Code No. 6) indicated that the necessary investigation had not been completed before restrictions on his eligibility could be removed. By mistake or error the Department of Taxation and Finance appointed petitioner to the position of Excise Tax Investigator to commence May 3, 1973, despite the restriction placed after petitioner’s name by the Department of Civil Service. The appointment came to the attention of the Civil Service Department when it received the payroll for certification, and it then directed the Department of Taxation and Finance to change petitioner’s appointment from permanent to temporary in order to compensate him for the two-week period, and also directed that the Department of Taxation and Finance rescind petitioner’s appointment. Accordingly, petitioner was removed from the payroll effective May 17,1973.
Petitioner contends that since a plea of “ nolo contendere ” does not constitute an admission of guilt of the crime charged, as distinguished from a plea of guilty or a finding of guilty, he correctly stated, and in fact, was never convicted of any criminal offense, and thus such a plea may not be used collaterally for any purpose. Thus, petitioner argues, the termination of his employment predicated on an erroneous interpretation of the legal effect of his plea of nolo contendere constitutes a violation of his constitutional right to due process, and further, that his right to due process was violated in that his employment was terminated without just cause and without a hearing as required by law. Finally, petitioner takes the position that since he was appointed to the position by the Department of Taxation and Finance, and retained in that position for a period of two weeks respondents were estopped from terminating his employment. Section 50 of the Civil Service Law provides in pertinent part that:
*724 “ 4. Disqualification of applicants or eligibles. The state civil department and municipal commissions may refuse to examine an applicant, or after examination to certify an eligible * * *
“(d) who has been guilty of a crime * * * No person shall be disqualified pursuant to this subdivision unless he has been given a written statement of the reasons therefor and afforded an opportunity to make an explanation and to submit facts in opposition to such disqualification.” The action of respondent Department of Civil Service complained of was taken pursuant to section 50 (subd. 4, par. [d]) of the Civil Service Law. While a plea of nolo contendere to a criminal charge is not an admission of the facts constituting the crime charged, the judgment of conviction following .such a plea subjects the defendant to all the consequences of a conviction in the same way as if it were after a plea of guilty, or after a finding ■of guilt after a plea of not guilty. A plea of nolo contendere simply means that the defendant will not contend against the charge but will submit to such punishment as the court inflicts. At least it is a conviction of the crime to which such a plea is taken. (People v. Daiboch, 265 N. Y. 125; People ex rel. Gilmore v. Morhous, 265 App. Div. 893; see, also, Matter of Ward, 18 A D 2d 15; Matter of Costello, 21 A D 2d 364.)
It is clear, therefore, that petitioner in his application incor- ' rectly and improperly stated that he had never been convicted of an offense, when the announcement for the position of Excise Tax Investigator provided that conviction of a felony will bar, and conviction of a misdemeanor may bar examination and appointment. The papers and exhibits disclose further that petitioner was terminated from employment and disqualified as eligible for appointment after having been given a written statement of the reasons therefor and afforded an opportunity to make an explanation and to submit facts in opposition to such disqualification. (Civil Service Law, § 50, subd. 4, par. [d].) The disqualification of petitioner by respondents Commissioners of Civil Service was a proper exercise of discretion under the •statute. (Matter of Beck v. Finegan, 254 App. Div. 110.) Nor was petitioner entitled to a hearing pursuant to any statutory direction. The determination made was based upon a finding of petitioner’s conviction, and was made pursuant to subdivision 4 of section 50 of the Civil Service Law, and only respondents Civil Service Commissioners are charged with the law with the right and duty of making an investigation and finding as to an appointee’s eligibility and certification. (Matter of Bogan v. Municipal Civil Service Comm., 29 Misc 2d 750, affd. 14 A D *725 2d 792.) The erroneous appointment of petitioner to a probationary position by respondent Department of Taxation. and Finance notwithstanding, there is no constitutional requirement that petitioner be afforded a formal hearing on the issue of whether he has been convicted of a crime. “ The denial to the petitioner of a formal hearing with representation by counsel was not a denial of due process. A conditional or provisional employee is not entitled to a hearing upon disqualification if one is not provided for by statute. For that matter, even on dismissal from a regular, nonprovisional, employment, no hearing is required unless a statute so provides. A State or municipality in suspending or discharging its employees is exercising an administrative function and ‘ no notice of hearing is necessary unless specifically enjoined by statute ’ (Matter of Hecht v. Monaghan, 307 N. Y. 461, 468; Matter of Pinto v. Wynstra, 22 A D 2d 914; Matter of Avalon v. Allen, 12 A D 2d 480; Matter of Going v. Kennedy, 5 A D 2d 173, affd. 5 N Y 2d 900). In the circumstances, judicial review is limited to a determination whether the petitioner’s disqualification was arbitrary or capricious.” (Matter of Albury v. New York City Civil Service Comm., 32 A D 2d 895.)
Finally, petitioner’s claim that respondents Civil Service Commissioners were estopped from disqualifying him and terminating his employment because of the action of respondent Department of Taxation and Finance in appointing him, is without merit. Apart from the fact that the essential elements of an equitable estoppel are lacking, the courts will not countenance an estoppel against public officials’ performing their legal duty. Furthermore, petitioner’s relationship to a public department is not a contractual one but is governed by the Civil Service Law. (Matter of Whalen v. Corsi, 201 Misc. 39, affd. 279 App. Div. 1113 [3d Dept]; Matter of Harwood v. Cornelius, 21 A D 2d 961 [3d Dept.].)
Accordingly, the petition is dismissed.