■ In the Matter of FRANK R. CANARELLI, Respondent, v. NEW YORK STATE DEPARTMENT OF CIVIL SERVICE, Appellant.— Judgment unanimously reversed, without costs, and matter remitted for a hearing at Special Term in accordance with the following memorandum: Petitioner's permanent appointment as an Engineering Technician with the State Department of Transportation was terminated on February 23, 1972 by respondent, New York State Department of Civil Service, on the ground that he was disqualified from taking the Civil Service examination for this position which was given by the respondent in 1970. The position required, *inter alia*, satisfactory completion of a two-term course in geometry. Respondent concluded that petitioner's successful completion of a course entitled "Essentials of Math II" at Mohawk Valley Community College (Utica) did not meet the geometry requirement. The basis upon which respondent reached this determination was information contained in a postdated college (MVCC) catalogue, a confidential education

inquiry addressed to the college which indicated that petitioner did not take any courses in geometry, but, which also stated that "complete records are not kept on students in the Continuing Education Program"; and a telephone inquiry made to an office employee at MVCC who stated that Essentials of Math II was not a geometry course. Subsequent to receiving the notice of termination, petitioner instituted an article 78 proceeding and attached to his petition a letter dated March 28, 1972 (not before respondent on February 23, 1972 when it terminated petitioner) from the Dean of Continuing Education at MVCC which stated: "The Essentials of Mathematics program is designed to provide students with a basic background in Algebra, Geometry and Trigonometry * * * The course work completed by [petitioner] would provide him with the knowledge necessary to successfully complete an examination which would require high school Algebra, Geometry and Trigonometry". Special Term annulled respondent's determination and restored petitioner to his permanent position as Engineering Technician with salary from February 22, 1972. Without reaching or passing on whether respondent's action in terminating petitioner was arbitrary or capricious we cannot concur with the conclusion made by Special Term. Instead, it would appear to be more appropriate to petitioner and respondent alike to remit this case for a hearing where testimony may be given by someone with actual knowledge of the contents of the course — Essentials of Math II. Concededly, the statute does not mandate a disqualification hearing, but it does provide, "No person shall be disqualified pursuant to this subdivision unless he has been given a written statement of the reasons therefor and afforded an opportunity to make an explanation and to submit facts in opposition to such disqualification" (Civil Service Law, § 50, subd. 4). This language is broad enough to permit a hearing when such is required by the circumstances of the case. The statute further provides respondent with authority to disqualify petitioner and revoke his certification and appointment within three years after it is made (Civil Service Law, § 50, subd. 4.). The respondent Department of Civil Service must rescind a certification "where an applicant has made a misstatement of a material fact upon which the Commission has relied and upon which it has based its conclusion that the applicant was eligible to take the examination. That is true whether the misstatement was made with fraudulent intent or by mistake" (*Matter of Shraeder v. Kern*, 287 N. Y. 13, 14). Where the error is one made by respondent in matters which it alone had power and jurisdiction to determine, e.g. misgrading a test or incorrectly interpreting accurately furnished information on an application, the appointee may not be removed after his appointment has become permanent (*Matter of Wolff v. Hodson*, 285 N. Y. 197, 201–202). In this case petitioner, prior to taking the Civil Service examination on March 14, 1970, completed a form letter dated February 18, 1970 furnished him by respondent stating with respect to the geometry requirement, "College Course — Ess. of Math II 9-9-66 — 12-01-66 completion of Course with a grade of C". Following his permanent appointment in August, 1970, petitioner served approximately a year and a half before his termination, performing his work, according to his superiors, in a commendable manner. Under these circumstances, a hearing is required at which petitioner will be afforded an opportunity to present evidence that the college course he took is the equivalent of the required two-term course in geometry. Once this determination has been made, this matter can be finally determined (see *Matter of Adler v. Lang*, 21 A D 2d 107). (Appeal from judgment of Oneida Special Term in article 78 proceeding for reinstatement.) Present — Marsh, P. J., Cardamone, Simons, Mahoney and Goldman, JJ.