John VEGA, Plaintiff,

v.

The CIVIL SERVICE COMMISSION, CITY OF NEW YORK, et al., Defendants.

No. 74 Civ. 1732.

United States District Court, S. D. New York,

Dec. 3, 1974.

Samuel Resnicoff, New York City, for plaintiff.

Adrian P. Burke, Corp. Counsel, by Reuben David, Asst. Corp. Counsel, New York City, for defendants.

WHITMAN KNAPP, District Judge.

This is a civil rights action, brought pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343, and other sections for injunctive and declaratory relief. Plaintiff, a Correction Officer formerly employed by the New York City Department of Correction, contends that he had achieved tenure in his position as Correction Officer, that he was summarily dismissed without a hearing from such tenured position, and that such summary dismissal violated his Fourteenth Amendment rights to procedural due process and equal protection. For these alleged constitutional violations, he seeks reinstatement to his position with back pay retroactive to the date of his discharge. The defendants do not deny that plaintiff's dismissal was summary and without a hearing. Since it cannot seriously be disputed that the summary dismissal of a public employee would violate the Fourteenth Amendment if such employee were tenured [Board of

Regents v. Roth (1972) 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548; Perry v. Sindermann (1972) 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570], the sole question to be resolved is whether the plaintiff had tenure. That question being one of state law, it follows that our opinion will perforce concern itself exclusively with such law.[1]

Although the underlying facts in this case are not in dispute, a brief recitation is in order.

On May 25, 1972, defendant City Civil Service Commission ("Commission") announced an examination for the position of Correction Officer, Department of Correction, City of New York. Included in the announcement was the following provision concerning age:

> "Applicants must have passed their twentieth birthday but not their thirty-second[2] birthday on the date of filing of their application for civil service examination (date of written test).
>
> EXCEPTIONS: All persons who were engaged in military duty, as defined in Section 243 of the Military Law, subsequent to July 1, 1940, may deduct the length of time, not exceeding a total of six years, which they spent in military service, from their

actual age in determining their eligibility".

These age requirements are not fixed by statute, but by Commission regulation. Indeed, the Legislature conspicuously declined to fix minimum and maximum age requirements, deferring instead to local civil service commissions. Civil Service Law § 54 (McKinney's Consol. Laws, c. 1973).[3]

Plaintiff was born June 29, 1936 and served three years in the U.S. Marine Corps. On the mistaken assumption that these facts rendered him eligible to take the examination, plaintiff on June 1, 1972 filed an application to compete in the examination. He truthfully answered all questions on the application form, including those relating to his age and length of military service. The examination was held on either July 13th or 15th, 1972.[4] Plaintiff took the examination, received a rating of 89%, and was placed on the Commission's eligible list. On June 11, 1973, plaintiff was appointed from the eligible list to the position of Probationary Correction Officer. On that same day he signed a form entitled "Terms and Conditions of Certification and Appointment (or Promotion)", in which he certified his understanding that his appointment was conditional, in

---

1. Noting the state law aspect of this case, the defendants urge us to practice abstention. However, they cite no case—and we know of none—in which a federal court has stayed its hand where (a) the plaintiff was not challenging the constitutionality of any state statute, (b) was not seeking to prohibit any general state action, but (c) was seeking redress from a specific administrative act directed at him personally. Compare Harrison v. NAACP (1959) 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152. As observed in a related context in Lombard v. Board of Education (2d Cir. 1974) 502 F.2d 631 at 636:

 ". . . section 1983 gives him [plaintiff] an independent supplementary cause of action, and he may choose the federal court as the preferred forum for the assertion of constitutional claims of violation of due process."

2. At oral argument, the plaintiff claimed that the announcement actually stated "thirty-

*third*" birthday and asked that paragraph 6 of his complaint, wherein he quoted the announcement's provision concerning age requirements, be amended accordingly. The defendants voiced no objection. The court finds no documentary support for plaintiff's contention. The Notice of Examination—a xerox copy of which is attached to the complaint as Schedule A—clearly states that applicants cannot have passed "their thirty-*second* birthday". (emphasis supplied).

3. Typical illustrative examples of local agencies fixing age requirements for their employees include the New York State Department of Correctional Services, which has set a maximum age ceiling for its male correction officers of 37, and the Westchester County Personnel Office, which has fixed 40 as the maximum age for County Correction Officers.

4. While plaintiff claims he took the examination on July 13, defendants claim it was July 15. The two day difference is immaterial.

that if he were, upon subsequent investigation, found to be not qualified, his appointment would be revoked and his employment terminated.

In order to assume his new position, plaintiff was obliged to resign from a tenured position as a Special Officer with the Department of Social Services, thus forfeiting his seniority and any rights he may have had to compete in promotion examinations within that Department.

In his new position as Correction Officer plaintiff was required to serve a probationary period of six months, which period expired on December 10, 1973. Eleven days after he had satisfactorily completed such probationary period, plaintiff was summarily dismissed from his position without charges and without a hearing, because he had been found "not qualified" due to "over age on the date of the written test". Plaintiff appealed the revocation of his certification within the Commission, but to no avail. After having exhausted his administrative remedies, he filed the present action, claiming that his retention by the Department of Correction beyond the expiration of the probationary period rendered him a tenured employee and that, as such, he had a "property right" to his position, of which he could not be deprived without charges and a hearing.

Plaintiff has now moved for summary judgment on the ground that "there is no defense to this action and that no genuine issue exists as to any material fact".[5] Defendants have cross-moved for summary judgment and dismissal of the complaint on the ground that plaintiff's certification and appointment were expressly conditioned on his being found qualified in all respects. The subsequent revocation of that certification for over-age was, they argue, therefore lawful.

In support of his motion for summary judgment, plaintiff takes two basic positions: (1) he was not in fact over age when he filed his application to compete in the examination, and (2) even if he were, the defendants are now estopped from so claiming in that he achieved tenure by being permitted to remain on his job beyond the probationary period.

We reject as unfounded plaintiff's factual contention, and turn to his more substantial argument that he had achieved tenure.

By way of summary, the operative facts relevant to this contention are: (a) the plaintiff's application plainly and correctly states his age and length of military service; (b) the maximum age ceiling which he unquestionably exceeded was not fixed by statute but by Commission regulation; (c) after filing his application, he signed a waiver authorizing his removal after tenure would have normally attached if, upon subsequent "investigation", he should be found unqualified; and (d) shortly after expiration of his probationary period (the time fixed by law for the attainment of tenure),[6] he was removed without a hearing on the sole ground that he was disqualified by age.

We turn to the significance, under state law, of these operative facts. The controlling case would appear to be

---

5. In his complaint plaintiff also challenged the constitutionality of the Commission's maximum age ceiling, but in light of our disposition of this action on other grounds, we shall not reach that issue. For similar reasons, we also shall not reach plaintiff's constitutionally grounded attack on the alleged lack of impartiality in the Commission's decision-making process.

6. Rules and Regulations of the N.Y. Department of Civil Service § 4.5(a)(3) (1974); Goldschmidt v. Board of Education (1916) 217 N.Y. 470, 112 N.E. 167; Weishar v.

Thayer (3d Dept., 1935) 245 App.Div. 893, 282 N.Y.S. 329; Schlesinger v. DeForest (1st Dept., 1903) 83 App.Div. 410, 82 N.Y. S. 59; McCarthy v. Board of Education (Sup.Ct., Nassau Co., 1973) 73 Misc.2d 225, 340 N.Y.S.2d 679; Roulett v. Town of Hemstead Civil Service Commissioner (Sup.Ct., Nassau Co., 1971) 71 Misc.2d 477, 336 N.Y. S.2d 286, aff'd, 40 A.D.2d 611, 335 N.Y.S.2d 1008; Dinin v. Hoberman (Sup.Ct., N.Y. Co.) N.Y.L.J., June 21, 1967; Gunthorpe v. Board of Education (Sup.Ct., Nassau Co., 1963) 41 Misc.2d 757, 246 N.Y.S.2d 462.

Wolff v. Hodson (1941) 285 N.Y. 197, 33 N.E.2d 90—a case in which the facts found by the Court to have been relevant are strikingly similar to those at bar. The plaintiff Wolff—who like the one at bar had given up another job to take the one at issue—was seeking reinstatement as social investigator for the New York City Department of Welfare. He had been summarily discharged for failure to meet the educational requirements established by Commission regulations, in that he did not have a college education or "a manifest equivalent". Although plaintiff's application papers clearly revealed his educational inadequacy in that they only claimed completion of one year of high school, he was nevertheless permitted to take the examination, which he passed.[7] Thereafter, he was declared eligible and certified to the position of Social Investigator, Grade I. Some time thereafter, he was discharged because of, among other things, his educational deficiency. The Court of Appeals ordered his reinstatment, observing that the Commission has "no inherent authority to correct its own error in determining eligibility", especially when the error did not relate to statutory qualification but involved "matters which it [the Commission] alone had power and jurisdiction to determine". Wolff v. Hodson, *supra,* 285 N.Y. at 203–202, 33 N.E.2d at 92.[8]

Thus, the *Wolff* case established that the Commission has no inherent authority to fire a civil servant once his appointment has become finalized. Defendants contend, however, that the State legislature—in reaction to the *Wolff* court's narrow reading of the Commission's authority—passed remedial legislation by adding the last unnumbered paragraph to § 50(4) of the Civil Service Law. This paragraph provides:

> "Notwithstanding the provisions of this subdivision or any other law, the state civil service department or appropriate municipal commission may investigate the qualifications and background of an eligible after he has been appointed from the list, and upon finding facts which *if known prior to appointment*, would have warranted his disqualification, or upon a finding of *illegality, irregularity* or *fraud of a substantial nature* in his application, examination or appointment, may revoke such eligible's certification and appointment and direct that his employment be terminated * * * "
> (emphasis supplied).

The question, then, is whether this new paragraph is sufficiently broad to cover the case before us. We do not believe so.

So far as here relevant, the new statute gives the Commission power to revoke upon the happening of either of two events: (a) the discovery of facts not "known prior to appointment" or (b) a finding of "illegality, irregularity or fraud of a substantial nature" in an application. Clearly, the Commission in the instant case has discovered no fact not known prior to appointment. Plaintiff's age and military service were plainly and accurately stated on his application. As to the second mentioned statutory requirement, defendants do not even contend that there was any

---

7. The *Wolff* case in some ways presents an *a fortiori* situation to the one at bar. Plaintiff Wolff's application was inaccurate in that it claimed a ninth grade education whereas he had completed only the eighth grade, which fact the Commission discovered only upon investigation. The Court of Appeals declared that this misstatement was irrelevant, neither eighth nor ninth grade constituting a "manifest equivalent" to college, and that the Commission could not therefore have relied upon it.

8. The situation would have been wholly different if the Commission's error had related to a qualification established by statute rather than by Commission regulation. *Wolff, supra* 285 N.Y. at 202, 33 N.E.2d at 92; Cyzowski v. Poston (Sup.Ct.Albany Co.1969) 62 Misc.2d 401, 308 N.Y.S.2d 721; Perotta v. Gregory (Sup.Ct.N.Y.Co.1957) 4 Misc.2d 769, 773–774, 158 N.Y.S.2d 221, 224–226; Reilly v. Grumet (Sup.Ct.N.Y.Co.1954) 130 N.Y.S.2d 841; Romanchuk v. Murphy (Sup. Ct., N.Y.Co., 1951) 200 Misc. 987, 103 N.Y. S.2d 704.

"illegality, irregularity or fraud of a substantial nature" in the application.[9]

The statute on its face appearing to give no support to the defendants' position, it remains to be considered whether such support can be found in New York case law.

The only appellate decision which appears to have dealt with the subject matter, Canarelli v. N. Y. S. Dept. of Civil Service (4th Dept. 1974) 44 A.D. 2d 645, 353 N.Y.S.2d 275, supports our reading of the statute. The court there observed (353 N.Y.S.2d at 278):

> "Where the error is one made by respondent in matters which it alone had power and jurisdiction to determine, e. g., misgrading a test or *incorrectly interpreting accurately furnished information* on an application, the appointee may not be removed after his appointment has become permanent (citing *Wolff*)" (emphasis supplied).

The most carefully reasoned Special Term opinion we have found is Kelliher v. N. Y. S. Civil Service Commission (Sup.Ct., Orange Co., 1959) 21 Misc.2d 1034, 194 N.Y.S.2d 89. In that case, Mr. Justice Samuel W. Eager (later elevated to the Appellate Division, First Department) ordered the reinstatement of a police sergeant whose promotion had been rescinded upon discovering—almost two years after the event—that his passing grade on a civil service promotion examination had resulted from the Commission's error in recording as correct an answer which had in fact been wrong. In explaining the meaning of the Section 50 amendment, the Justice ruled that the Commission could act to correct its own mistakes only when they related to a matter which bore "substantially upon the basic qualifications of the individual." Thus, he observed (194 N.Y.S.2d at 95):

> "notwithstanding the provisions of . . . Section 50 conferring upon the Commission the power to take such action, there must exist substantial grounds to justify the exercise of the power particularly where, as here, there is no question of fraud or bad faith. If error or mere irregularity in proceedings leading to the certification of the employee is the alleged ground for action, the error or irregularity must be 'of a substantial nature', that is, relating to a matter bearing substantially upon the basic qualifications of the individual or upon the purposes and effectiveness of the civil service system."

■ Applying Mr. Justice Eager's reasoning to the facts at bar, we find that a two year difference in petitioner's age could not possibly be said to bear substantially upon his basic qualifications to be a Correction Officer.[10] It follows that Section 50 provides no authority for the Commission's action in discharging petitioner. See also Mr. Justice Gellinoff's opinion in James v. Hoberman (Sup.Ct.N.Y.Co.) N.Y.L.J. June 30, 1969, p. 2, col. 7.[11]

9. Examples of "illegality, irregularity or fraud of a substantial nature" include false statements as to citizenship, Perotta v. Gregory (Sup.Ct., N.Y.Co., 1957) 4 Misc.2d 769, 158 N.Y.S.2d 221; failure to complete one year of competitive service as required by statute, Cyzowski v. Poston (Sup.Ct., Albany Co., 1969) 62 Misc.2d 401, 308 N.Y.S. 2d 721; and conviction of a crime, Dower v. Poston (Sup.Ct., Albany Co.1973) 76 Misc.2d 721, 351 N.Y.S.2d 272. Appointments made on the basis of the above would be void *ab initio*.

10. Compare footnote 3, *supra*, which discusses the fact that ages of 37 and 40 years have been found suitable with respect to similar positions.

11. We note that there are several Special Term opinions which seem to say that, given the conditional nature of Civil Service appointments, the Commissions' power to revoke them there is virtually absolute. McShane v. City Civil Service Commission (Sup.Ct., N.Y. Co., February 1, 1971) N.Y.L.J., p. 18, col. 2, rearg. den. (March 15, 1971), N.Y.L.J., p. 2, col. 4; Bove v. Kearing (Sup.Ct., Kings Co., April 1, 1969) N.Y.L.J., p. 18, col. 1; Simon v. Kennedy (Sup.Ct., N.Y.Co., 1957) 5 Misc.2d 17, 159 N.Y.S.2d 995. In the first place all of these decisions were decided be-

**1382**

Defendants' final contention is that the "waiver" plaintiff signed upon accepting his appointment somehow justified defendants' action in firing him. This contention too must fail. In the first place, a reading of the "waiver" demonstrates that it was designed solely to spell out the Commission's rights under the above-discussed amendment to Section 50. It cannot therefore be read to increase those rights. In the second place, no layman—or lawyer—reading the "waiver" would conclude that it contemplated authorizing the Commission to fire an employee as a result of an "investigation" which accomplished nothing more than to establish the absolute truthfulness of his application.

In conclusion, the defendants through their own inadvertence overlooked or otherwise neglected to act upon accurate information dutifully supplied to them by plaintiff concerning his age, inducing him to resign his tenured position within the Department of Social Services and "lulling" him into a false sense of security as to the "impregnability" of his civil service status. See Abarno v. City of New York (1956) 3 Misc.2d 1053, 157 N.Y.S.2d 513, 522, aff'd, 6 A.D.2d 1040, 178 N.Y.S.2d 1022. Having satisfactorily completed his probationary period and achieved permanent tenured status, plaintiff's "property interest" in his job was entitled to the full panoply of procedural safeguards afforded by the Fourteenth Amendment. Board of Regents v. Roth, *supra,* Perry v. Sindermann, *supra.* In light of the defendants' utter disregard for plaintiff's due process rights, the only appropriate remedy lies in plaintiff's reinstatement to the position of Correction Officer, with back pay retroactive to the date of his discharge. Defendants' motion for summary judgment and dismissal of the complaint is accordingly denied, and plaintiff's motion for summary judgment is granted.

If the parties feel that a formal order is necessary, either party may submit one within five (5) days on notice to the other. Otherwise, this opinion will constitute the order of the court.

So ordered.

---

fore the Appellate Division spoke in *Canarelli, supra,* 44 A.D.2d 645, 353 N.Y.S.2d 275. Moreover, examination of their several opinions discloses that Mr. Justice Eager's *Kelliher* opinion never seems to have been called to the attention of the respective deciding courts. We, therefore, conclude that these *nisi prius* decisions cannot be accepted as authoritative statements of New York law. Defendants also cite D'Alessandro v. Hoberman (Sup.Ct., N.Y.Co., August 8, 1969) N.Y.L.J., aff'd (1st Dept.1970) 34 A.D.2d 734, 309 N.Y.S.2d 1014. However, examination of the papers on appeal in that case discloses that it involved subsequent discovery of a physical condition (heart attack) which had developed after plaintiff's appointment. The case has no bearing upon the problem here involved, which relates to facts plainly appearing on the original application.