Annick M. BERNS, Plaintiff,

v.

CIVIL SERVICE COMMISSION, CITY OF NEW YORK, et al., Defendants.

No. 75 Civ. 2068.

United States District Court, S. D. New York.

Oct. 17, 1975.

Samuel Resnicoff, New York City, for plaintiff.

W. Bernard Richland, Corp. Counsel, by Reuben David, Asst. Corp. Counsel, New York City, for defendants.

MEMORANDUM

TENNEY, District Judge.

This matter is brought before the Court on cross-motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated below, the plaintiff's motion is granted and the defendants' motion is denied.

This is an action for declaratory and injunctive relief. Plaintiff Annick M. Berns ("Berns") alleges a deprivation of her fourteenth amendment rights to procedural due process and equal protection. The action is brought pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343(3) & (4); 28 U.S.C. §§ 1361 and 1391; 28 U.S.C. §§ 2201 and 2202; 42 U.S.C. §§ 1981 and 1983, and Rule 57 of the Federal Rules of Civil Procedure. A recitation of the facts is essential to a proper understanding of the matters at issue.

Plaintiff was born in France and attended school there. She attended Ecole Maternelle, the equivalent of our kindergarten, and then matriculated at Ecole-Privee De Filles, a parochial school in Paris, in 1949. In 1957, she received the Certificat d'Etudes Primaires at Ecole-Privee De Filles. Her courses at that institution included, *inter*

*alia*, Algebra, Chemistry, two foreign languages (English and Spanish), Literature, Mathematics, World History, French History, and Natural Sciences (which included Botany, Music and Art). After her graduation she continued her studies at that school until 1959, taking additional academic courses. Plaintiff also attended and received a Certificate of Completion from Ecole-D'Hotesses De Paris where she completed courses in Psychology, Current Events, Current Affairs, Politics, and Poise.

Late in 1962 plaintiff emigrated to the United States, and is now a resident of the State of New York and a citizen of the United States.

During December of 1972, the Civil Service Commission posted a Notice of Examination for Civil Service Examination No. 2251. The Notice of Examination called for applications to be submitted from December 1, 1972 to December 29, 1972. Plaintiff made application to take the exam and applied for the position of Police Administrative Aide which was offered through the exam.

The minimum requirements for applicants, as set forth in the Notice of Examination, are as follows:

"MINIMUM REQUIREMENTS: High school graduation or evidence of having passed an examination for a high school equivalency diploma or U. S. Armed Forces GED certificate with a score of at least 35 on each of the five tests and an overall score of at least 225 in the examination for the diploma or certificate; and either two years of paid full-time clerical experience, or two years of active military duty, or one year of full-time study (30 credits) in an accredited college or university, or an equivalent combination of experience and education. However, high school graduation or its equivalent as described above is required of all candidates.

·    ·    ·    ·    ·

"The minimum requirements must be met by the last date for the receipt of applications.

"All candidates who file applications will be summoned for the written test prior to the determination of whether they meet the minimum requirements. The experience papers of passing candidates only will be evaluated.

"Form A experience paper must be filed with the application." *See* Defendants' Exhibit "1" appended to the Answer.

In answer to the question in the application inquiring about the applicant's educational background, plaintiff stated that she had graduated from high school.

Plaintiff scored 86.3% on the examination (the passing score was 70%) and was placed on the list of eligibles. On April 30, 1973, plaintiff was appointed to the position of Police Administrative Aide. Plaintiff remained in a probationary status for six months and at the satisfactory completion of her probation, on October 29, 1973, she was retained in her position.

At the suggestion of the Civil Service Commission and the Police Department, plaintiff took the New York State High School Equivalency Diploma Examination on March 26, 1974, and passed with a score of 276 (the passing score was 225). She was subsequently awarded a New York State Education Department High School Equivalency Diploma, 1974 Series.

Thereafter, on November 6, 1974, plaintiff was notified that she was found not to be qualified for her position by reason of her failure to meet the educational requirement. Plaintiff was not given a hearing prior to notification, but was advised of her right to file a written appeal with the Civil Service Commission. This she did on November 12, 1974, but the appeal was subsequently denied on February 29, 1975. No hearing rights attached at the appeal. Plaintiff has been retained in her position pending the outcome of the instant litigation.

Plaintiff contends that she truthfully answered all questions regarding her educational qualifications and that she was justified in answering as she did since her education in France was the functional equivalent of a high school education here. She

points out that while the educational systems of the two countries are different, the course work which she completed in France was roughly the same as a high school curriculum in this country. Plaintiff has cited the diploma which she earned at Ecole-Privee De Filles in support of her contention and in addition cites: (1) the advanced course work completed at that institution, (2) the course work completed at Ecole D'Hotesses De Paris, (3) the grade of 86.3% which she received on the Civil Service Examination, (4) the grade of 276 which she received on the High School Equivalency Examination, and (5) the rating sheets indicating her consistently superior performance evaluations while employed as a Police Administrative Aide.

Plaintiff alleges that the defendants had full and accurate knowledge of her educational background before them; that she successfully completed her probationary period and became a tenured civil service employee; that she performed her assigned duties as a tenured employee in an exemplary fashion; and that the attempt to terminate her without a hearing prior to termination worked a ·deprivation of her constitutional rights in light of her tenured status. Also, she contends that the failure of defendants to promptly evaluate her application (the investigation was not instituted until March 11, 1974, and she was notified of her proposed termination on November 6, 1974, more than one year after she had allegedly acquired tenured status) works substantially to her prejudice and that defendants should be estopped at this late date from effecting the proposed termination. Plaintiff seeks a declaration that the proposed termination is unlawful, a preliminary and permanent injunction preventing defendants from effecting the proposed termination, and an award of damages.

Defendants point out that the Notice of Examination clearly stated that all applicants must have met the educational requirements prior to the last date for the submission of applications on December 29, 1972. They allege that when plaintiff, in her application, stated that she did meet the requirements, she misrepresented the true state of the facts.

Defendants state that, due to the large number of applicants and the time consumed in processing the applications, it is impractical to investigate the qualifications of all applicants prior to appointment. Thus, appointments are made conditionally, subject to verification of the applicant's qualifications and the applicant signs a statement consenting .to this procedure which is formalized in the New York State Civil Service Law § 50(4). That section states in pertinent part:

"4. Disqualification of applicants or eligibles. The state civil service department and municipal commissions may refuse to examine an applicant, or after examination to certify an eligible

"(a) who is found to lack any of the established requirements for admission to the examination or for appointment to the position for which he applies

. . . . .

. . . . .

"No person shall be disqualified pursuant to this subdivision unless he has been given a written statement of the reasons therefor and afforded an opportunity to make an explanation and to submit facts in opposition to such disqualification.

"Notwithstanding the provisions of this subdivision or any other law, the state civil service department or appropriate municipal commission may investigate the qualifications and background of an eligible after he has been appointed from the list, and upon finding facts which if known prior to appointment, would have warranted his disqualification, or upon a finding of illegality, irregularity or fraud of a substantial nature in his application, examination or appointment, may revoke such eligible's certification and appointment and direct that his employment be terminated, provided, however, that no such certification shall be revoked or appointment terminated more than three years after it is made, except in the case of fraud."

Plaintiff signed a statement consenting to the application of this statutory procedure.

Defendants contend that, had they been possessed of the requisite facts, they would not have made the appointment and that, since the notice of termination was sent within the three year period, the termination was valid and had the effect of terminating the appointment *ab initio*. It follows, they contend, that plaintiff never became tenured and never became entitled to the rights which accrue to a tenured employee such as the right to notice and a hearing prior to termination.

Defendants conclude that since plaintiff has failed to document to their satisfaction her compliance with the educational requirement prior to December 29, 1972, they have no choice but to terminate her. Assuming that the termination is lawful, they request the Court to grant summary judgment in their favor dismissing the complaint.

■ Rule 56(c) of the Federal Rules of Civil Procedure provides in pertinent part that summary judgment "shall be rendered forthwith if the pleadings . . . together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See generally Empire Electronics Co. v. United States*, 311 F.2d 175 (2d Cir. 1962). The burden is on the moving party to demonstrate both the absence of any genuine issue of material fact and, also, that movant is entitled to judgment as a matter of law. *Dean Construction Co. v. Simonetta Concrete Construction Corp.*, 37 F.R.D. 242 (S.D.N.Y.1965).

■ The parties agree, and the Court finds, that the following facts are not in dispute. Plaintiff was born in France and did the bulk of her educational work there. She attended Ecole Maternelle and then matriculated at Ecole-Privee De Filles in 1949. She received the Certificat d'Etudes Primaires from that institution in 1957 and continued her studies there. Her course work included courses in Chemistry, Algebra, English, Spanish, Literature, Mathe-

matics, World History, French History, and Natural Sciences. She also attended, and received a Certificate of Completion from the Ecole-D'Hotesses De Paris, a type of finishing school where her courses included Psychology, Current Events, Current Affairs, Politics, and Poise. Then, in 1962, plaintiff emigrated to the United States.

From the date of her arrival here in 1962 until the date of the Civil Service Exam in 1972, plaintiff held a variety of secretarial jobs and attended the New York Institute of Finance and the Kree Institute. She took the Civil Service Exam in question, passed comfortably, and was appointed from the list of eligibles. On her application for the exam she stated that she possessed a high school education. Plaintiff was appointed to the position of Police Administrative Aide on April 30, 1973, successfully completed her probationary period on October 29, 1973, and, until she was notified that she was marked not qualified on November 6, 1974, she fulfilled all duties and obligations attaching to her position in a manner which earned her consistently superior ratings. Also, during this period of time she took, and handily passed, the New York State High School Equivalency Diploma Examination and was awarded a diploma.

Defendants' contention is that plaintiff is not, in fact, a high school graduate. Plaintiff, of course, contends that she has attained that status. The Court clearly recognizes that "[o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). Nevertheless, while the proper determination of plaintiff's educational status is certainly a *material* factual determination, the Court must conclude that defendants have not raised a *genuine* issue as to this material fact. The only possible inference which can be drawn from the facts outlined above is that, while the French and American educational systems are not functional equivalents for the pur-

pose of facilitating a ready comparison, the plaintiff was certainly possessed of a degree of education which entitled her to answer the question regarding her education as she did. Her high achievement on all competitive examinations and her accomplished performance of her police duties buttresses and makes this inference inescapable.

Both plaintiff and defendants agree that plaintiff's termination was carried out in summary fashion and without the benefit of a hearing. The summary dismissal of a tenured public employee has been held to be a violation of the fourteenth amendment's guarantees of procedural due process. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Vega v. Civil Service Commission, City of New York*, 385 F.Supp. 1376 (S.D.N.Y.1974).

Plaintiff has carried the burden of proving the absence of any *genuine* issue of material fact and that she is entitled to a judgment as a matter of law.

> "Having satisfactorily completed [her] probationary period and achieved permanent tenured status, plaintiff's 'property interest' in [her] job was entitled to the full panoply of procedural safeguards afforded by the Fourteenth Amendment. *Board of Regents v. Roth, supra, Perry v. Sindermann, supra.*" *Vega v. Civil Service Commission, City of New York, supra*, 385 F.Supp. at 1382.

The Court is compelled to make two observations at this point. Initially, it should be noted that while the Civil Service Commission was in possession of plaintiff's application on or before December 29, 1972, they did not *begin* the background investigation until March 11, 1974, some fifteen months later (and *six months after plaintiff had achieved tenure*). The investigation, once begun, resulted in the proposed termination on November 6, 1974, a span of less than eight months. While the Court need not dispose of plaintiff's estoppel argument, it is impelled to point out that this type of delay in instituting the investigation seems unwarranted. Once begun, the investiga-

tion was concluded fairly expeditiously despite the fact that verification of many entries had to be sought from sources in France. A prompt initiation of the inquiry herein may well have obviated the question at issue.

Secondly, due to the unusual nature of the problem presented in this case, this opinion is to be read narrowly and not to be extrapolated beyond the precise factual situation presented herein.

Accordingly, plaintiff's motion for summary judgment is granted. Her proposed termination is declared to be unlawful and defendants are permanently enjoined from terminating her employment for failure to meet the educational requirement. No award of damages is justified in this instance since plaintiff has been retained in her position pending the outcome of this litigation. Also, defendants' motion for summary judgment is denied.

So ordered.