Samuel W. Eager, J.
This is an article 78 (Civ. Prac. Act) proceeding, and thereby petitioner seeks a final order annulling certain action of .the respondent Dutchess County Civil Service Commission by resolution of May 8, 1959, purporting to revoke his certification to the eligible list and his appointment as police sergeant of the City of Beacon. The said commission (hereinafter referred to as the “ County Commission ”) by its said resolution directed the Mayor of said city to terminate the employment of petitioner as police sergeant as of July 1, 1959, and the petitioner, in addition to demanding the annulment of such action by the County Commission, seeks by final order herein, a direction reinstating him as a duly appointed police sergeant of the City of Beacon.
It is undisputed that petitioner’s appointment was rescinded, and his employment directed by the respondent County Com *1036 mission to be terminated, without according him a hearing. It would seem that, in the absence of statutory direction for a hearing, the petitioner was not entitled to one. The action of the County Commission was administrative in nature, and, generally speaking, such action may lawfully be taken without according a hearing by the administrative agency to individuals affected. (See Matter of Hecht v. Monaghan, 307 N. Y. 461, 468; Matter of Kaney v. New York State Civil Serv. Comm., 190 Misc. 944, affd. 273 App. Div. 1054, affd. 298 N. Y. 707.) Furthermore, it is specifically held that the position of a civil service employee, being one held by way of grant or privilege extended by the government, is not in the nature of a vested interest subject to the protection of the due process clauses of the Constitutions. Therefore, it is generally held that, except as specifically prescribed by statute, the service of such an employee may be terminated by administrative action without according him a hearing. (People ex rel. Woodward v. Draper, 67 Misc. 460, affd. 142 App. Div. 102, affd. 202 N. Y. 612. See, also, Kaplan, Law of Civil Service, p. 225.)
The respondent County Commission here purported to act pursuant to the provisions of the final paragraph of subdivision 4 of section 50 of the Civil Service Law; and the petitioner contends that the action of, the County Commission was subject to the provisions of the preceding paragraph of said subdivision providing that no person shall be “disqualified” without an opportunity to be heard. The wording and position of the provisions of this particular paragraph indicate, however, that the provisions were intended to apply solely with respect to action disqualifying a candidate or eligible pursuant to the preceding provisions of the subdivision and not to the final paragraph thereof. Such a conclusion, however, is not free from doubt, and the Legislature should consider taking action looking toward an amendment of the said next to the last paragraph of subdivision 4 so as to clarify the ambiguity.
In any event, without regard to whether or not the petitioner was entitled to a hearing by the County Commission, it is clear that he is entitled to a rescission of its action. And there are no material issues of fact in the proceeding here requiring a hearing or trial by this court.
It appears that on or about May 10, 1957 the petitioner took a competitive civil service examination held and conducted by the County Commission for the establishment of an eligible list for the position of police sergeant in the City of Beacon. This was in the nature of a promotional examination, the petitioner at that time being a patrolman in the Beacon Police *1037 Department. The County Commission passed the petitioner, giving him a mark of 75% on the written test, with a weight of 6, and a mark of 87.2% for training and experience, with a weight of 4. These marks extended gave petitioner a final mark of 79.9%, and this was a passing mark.
Following the taking of the examination, the petitioner was duly certified as qualified by the County Commission, and placed on the eligible list prepared for appointment to the office of police sergeant. Later and on January 20, 1958, he was duly appointed from such eligible list as a police sergeant of said city. He accepted the appointment and entered upon his position. He did continue to occupy such position pursuant to such appointment, without question as to his competency, until action by the County Commission on May 8,1959, as hereinafter set forth.
It appears that, starting in October, 1957, the State Civil Service Commission conducted a general management survey of the procedures of the County Commission, including an investigation into its conducting of civil service examinations and setting up of eligible lists; and, that, in the course of such survey, it rechecked the examination papers of various candidates who had taken civil service examinations conducted by the County Commission. On rechecking the examination paper of the petitioner, submitted on the examination held in May, 1957, it found, in its report rendered some months after petitioner’s appointment, that the rater had given an erroneous rating to the answer to one question on his paper, rating the answer as correct when it should have been rated as incorrect. The State Commission noted in its report that “ This candidate received 75 percent on the written test and one more incorrect answer would have resulted in his failing the examination ”, and, therefore, it decided that the appointment of petitioner as police sergeant should be rescinded.
The rules of the County Commission provide that a mark of 74.5% shall be treated as a passing mark and that, irrespective of credit allowed for training and experience, a candidate before qualifying, must obtain a passing mark on the written test. Now, it appears that, on a proper grading of petitioner’s test paper, with the changing to incorrect of the petitioner’s said one answer which was originally rated improperly as correctly answered, his mark was reduced to 74%, which was a failing mark.
Following the finding by the State Commission of the error in the grading of petitioner’s written test paper, and upon its report aforesaid, the County Commission passed a resolution *1038 stated to be “under the authority of Section 50 of the Civil Service Law ’ ’ and based ‘ ‘ upon the irregularities ’ ’ found by the State in the grading of the petitioner’s written test; and thereby “resolved, that the Mayor of the City of Beacon is hereby notified that the Dutchess County Civil Service Commission does hereby revoke the certification and appointment of John Kelliher, Police Sergeant, City of Beacon, and direct that his employment, under such original certification and appointment be terminated as of July 1st, 1959
Thus, the action of the County Commission is based solely, upon the finding of the State Commission of error on part of the County Commission in the rating of a single answer on the written test; and this action was taken two years after the petitioner was certified as passing the test,, and months after he was appointed to office from an eligible list to which he was certified as qualified. Such action on the part of the' County Commission, to my mind, is unreasonable and improper. In fact, it has been held in effect that a civil service • commission may not, after passing an applicant on his examination, refuse to recognize an appointment made from its own eligible list ‘ ‘ merely because it erred in its determination of matters which it alone had power and jurisdiction to determine ”. (Wolff v. Hodson, 285 N. Y. 197, 202.)
The petitioner was possessed of statutory- and basic qualifications for police sergeant of the City of Beacon. This is not the case-of an appointment which was void ab initio, and, therefore, is distinguishable from such cases cited by respondents as Palmer v. Board of Educ. (276 N. Y. 222); People ex rel. Hannan v. Board of Health (153 N. Y. 513); Peck v. Belknap (130 N. Y. 394); Perotta v. Gregory (4 Misc 2d 769). Here, the appointment of the petitioner and his taking office pursuant thereto were lawful. As stated in Matter of Wolff v. Hodson (285 N. Y. 197, 201-202) ‘1 Any determination of eligibility by the Commission is conclusive upon the appointing officer and an appointment made from such list is lawful and in accordance with the provisions of the Constitution and the statute even though the Commission erred in determining the eligibility of those on the eligible-list.* * * A different question is presented where a statute or ordinance defines required qualifications for appointment, to office instead of placing upon the Civil Service Commission the Junction and duty of determining such qualification.”
Now, public interest in our civil service system and in protecting civil service employees calls for stability in competitively compiled ■ eligible lists. and appointments therefrom. Consequently, there must ,'be.i substantial basis for retractions or *1039 changes by officials in the matter of certifications to and the setting up of eligible lists, and in the matter of appointments therefrom. It was established that error of the commission in passing or certifying a candidate could be corrected if it was the result of “ illegality, irregularity in vital matters, or fraud,” but that “ the commission may not act arbitrarily”. (People ex rel. Finnegan v. McBride, 226 N. Y. 252, 259.) Here, there is no claim of illegality in any of the proceedings leading to the qualification, certification and appointment of the petitioner, nor is there any question of fraud. The comparatively slight error in the grading of the petitioner’s test paper (here, an error in marking an answer to but a single question).is certainly not an irregularity in a matter vital to the civil service or to the system for filling positions therein.
In any .event, it would seem clear that the respondent County .Commission had no inherent authority to correct its own error in rating the petitioner as passing the examination, that is, after he has been appointed and took office as police sergeant. (Matter of Lazenby v. Municipal Civil Serv. Comm. 116 App. Div. 135, affd. 188 N. Y. .588; People ex rel. Joyce v. Schirmer, 253 App. Div. 845, affd. 277 N. Y. 676.) Certainly the action of the respondent County Commission in revoking the appointment of the petitioner as police sergeant and in directing the termination of his employment as such may stand only if authorized by statute. Absent statutory authority, the termination of petitioner’s employment by the City of Beacon, whether by way of revocation of his original appointment or by way of his discharge or removal from office, could be accomplished solely by proper action of the duly authorized city officers.
Now, as noted above, the County Commission claimed to act by virtue of statutory authority. It purported to act pursuant to the alleged authority of the provisions of said subdivision 4 of section 50 of the Civil Service Law, as follows: “Notwithstanding the provisions of this subdivision or any other law, the state civil service department or appropriate municipal commission may investigate the qualifications and background of an eligible after he has been appointed from the list, and upon finding facts which if known prior to appointment, would have warranted his disqualification, or upon a finding of illegality, irregularity or fraud of a substantial nature in his application, examination or appointment, may revoke such eligible’s certification and appointment and direct that- his employment be terminated, provided, however, that no such certification shall be revoked or appointment terminated more than three years after it is made, except in the case of fraud.”-
*1040 It is believed that these provisions were patterned after the decisional law, with the addition of a Statute of Limitations, that is, insofar as they are to be construed to permit action rescinding the certification and appointment of a candidate who has been passed and certified by civil service officials as qualified. The statutory provision that such action may be based “upon a finding of illegality, irregularity or fraud of a substantial nature ” is not unequivalent to the holding in prior decisional law (People ex rel. Finnigan v. McBride, supra) that such action was proper to correct error which was the result of “ illegality, irregularity in vital matters, or fraud.” In any event, the prior holding that a civil service commission “ may not act arbitrarily ” (People ex rel. Finnigan v. McBride, supra), is still to be followed. The rule still is that a civil service commission may not, in any case, act unreasonably or arbitrarily in rescinding the appointment and terminating the employment of a civil service employee.
Where action for the revocation of the appointment and termination of employment of a civil service employee is taken some months after he accepts and occupies the position to which he has been appointed, it must be borne in mind that the action may result in some disruption of civil service and can have most serious consequences to the individual involved. Therefore, notwithstanding the provisions of said section 50 conferring upon the commission the power to take such action, there must exist substantial grounds to justify the exercise of the power particularly where, as here, there is no question of fraud or bad faith. If error or mere irregularity in proceedings leading to the certification of the employee is the alleged ground for action, the error or irregularity must be “of a substantial nature ’ ’, that is, relating to a matter bearing substantially upon the basic qualifications of the individual or upon the purposes and effectiveness of the civil service system. Minor error in grading the answers to the written test taken by the employee when a candidate for the position is not an error or irregularity of this nature.
The action of the County Commission here in rescinding the petitioner’s appointment and directing the termination of his employment, was taken upon the basis of a correction by it of error in the original grading by its rater in the marking of the answer to one of 80 one-point-value questions in the original written test. Such drastic action, based as it was upon a comparatively minor error on the part of the County Commission, was not justified. It is concluded that its action under the circumstances was unreasonable, arbitrary and unlawful. (See *1041 Matter of Wolff v. Hodson, 285 N. Y. 197, supra; Matter of Ebling v. New York State Civil Serv. Comm., 305 N. Y. 221.)
Petitioner shall have final order as prayed for, with $50 costs to he paid by respondent Dutchess County Civil Service Commission. Settle order on notice.