A. Franklin Mahoney, J.
Petitioner seeks judgment directing that he be reinstated as Building Inspector of the Village of Liberty, New York, and that he be reimbursed all salary and other emoluments from May 30, 1974, the date of dismissal from office.
Petitioner held his position by permanent appointment in the competitive class of civil service (Civil Service Law, § 75, subd. 1, par. [a]). In May of 1974 the respondent Village Manager served notice of written charges preferred against petitioner who duly served upon respondents his reply to the charges. On May 28, 1974 a hearing was held before an appointed hearing officer and the evidence, in support of the charges was presented by respondent Village Manager and petitioner offered his evidence in opposition, all as provided for in subdivision 2 of section 75 of the Civil Service Law. On July 12,1974 the hearing officer gave his findings of fact wherein he recommended to the Village Board of Trustees that petitioner be reinstated with full back pay less any amount earned in substitute employment. The village board met, considered the hearing officer’s recommendation, and by a majority vote directed the Village Manager to dismiss petitioner. He was dismissed on July 20 1974 and this article 78 proceeding was initiated.
Petitioner contends his dismissal was unlawful because: (a) the respondent Village Manager was powerless to prefer charges because the proceeding was not commenced within three years of the commission of the alleged offenses and is, therefore'", barred by the Statute of Limitations contained in subdivision 4 of section 75 of the Civil Service Law; (b) that petitioner believed his answers to be truthful; (c) that it was a denial of due process under both the Federal and State Constitutions to inquire of petitioner if he had ever been arrested; (d) that there was no evidentiary demonstration that petitioner’s work was *50 unsatisfactory; and (e) that the preferred charges did not establish “incompetency” or “misconduct” as required by section 75 of the Civil Service Law and as found by the hearing officer.
First, it must be held that the charges were • properly laid against petitioner pursuant to the directions of section 75 and not, as petitioner contends, in accordance with the provisions of section 50 of the Civil Service Law. The latter section has application only to applicants for civil service examinations and to those who become eligible for appointment after successfully passing such examination. Section 50 has no relevant application to those holding office by permanent appointment in the competitive class of the classified civil service. Section 50 does, however, speak to the issue herein in that when one reads sections 50 and 75 together the legislative intention of delegating to State and municipal civil service commissions the right to refuse to examine or to certify after examination (Civil Service Law, § 50) an eligible applicant and to commence removal proceedings (Civil Service Law, § 75) against permanent incumbents because of criminal activity prior to application, examination and appointment becomes abundantly clear. If such a criminal background escapes detection at the application-examination phase and the eligible is appointed, the Legislature has specifically reserved to the appropriate civil service commission the right to prefer charges where the alleged ‘ ‘ incompetency ” or “ misconduct ’ ’ complained of in the charges “would, if proved in a court of appropriate jurisdiction, constitute a crime ”, even though such charges are leveled more than three years after the occurrence of the alleged incompetency or misconduct (Civil Service Law, § 75, subd. 4).
Such is the case herein. On May 27, 1971 petitioner, in answering the questions on his application for the position to which he now seeks reinstatement, answered in the negative inquiries as to whether he had ever been arrested or convicted of a crime. In fact, he was arrested on April 22,1953 on charges of grand larceny and unlawful possession of a pistol and, thereafter, on January 6, 1954 was convicted of the crime of petit larceny and of the crime of illegal possession of a pistol. Petitioner, under penalty of perjury, swore that his answers were true.
I do not have to decide if a court of appropriate jurisdiction, given these facts, would convict petitioner of perjury. It is enough, in the language of subdivision 4 of section 75 of the Civil Service Law, that such a court could reach such a result *51 if the charges were proved. Consequently, it follows that there was no statutory bar to the commencement of the removal proceedings after the expiration of three years.
Next, while inquiry as to arrest would be inappropriate in either a civil or criminal trial, such a question is not constitutionally impermissible in the context of the application for civil service appointment. Such an applicant has no right to municipal or State employment and it is not an impermissible invasion of his right to inquire if, in his past, he has transgressed the law. This is particularly so when the law provides for a hearing and an opportunity for such an applicant or appointee to submit facts in opposition or to offer an explanation (Matter of Dower v. Poston, 76 Misc 2d 721).
Finally, the recommendation of the hearing officer was not binding on the Village Board of Trustees. The hearing officer’s opinion and/or recommendation was merely advisory in nature and not binding on the board. Such recommendations must be considered, however, to determine if they comport more with logic and fairness than does the inapposite finding of the board in order that the court might determine if the board’s finding is arbitrary, capricious or unlawful.
In my view, the petitioner’s explanation for his answers justifies the conclusion of the village board. I need not concur and refrain from doing so, holding only that the determination of the village board has a rational basis and cannot be annulled by this court.
The petition is dismissed.