In the Matter of DAVID J. LOCKMAN, Appellant, v MICHAEL VAN VORIS, as Supervisor of the Town of East Greenbush, et al., Respondents.

Third Department, November 13, 1975

*William J. Cade* for appellant.

*John H. Cogan, Jr.,* for Town of East Greenbush, respondent.

*Marvin I. Honig* for Millard A. Campbell, respondent.

*Louis J. Lefkowitz, Attorney-General (John Q. Driscoll* and *Ruth Kessler Toch* of counsel), for Ersa Poston, respondent.

HERLIHY, P. J. The petitioner was permanently appointed to the position of police officer to the Town of East Greenbush on January 11, 1974 after having passed a civil service examination and having been placed on the eligibility list. Prior to the petitioner's appointment he had not been required to undergo any physical examination; however, during September of 1974, the petitioner was required to submit to a medical examination, at which time his uncorrected vision was determined to be 20/70 without glasses in each eye.

Pursuant to the provisions of section 58 (subd 1, par [c]) of the Civil Service Law and the rules of the Municipal Police Training Council (9 NYCRR 6000.3 [c] [2]), the minimum acceptable standard of visual acuity in order to be eligible for appointment as a police officer is 20/40 uncorrected vision. On November 8, 1974 the Rensselaer County Civil Service Commission was advised that because of the petitioner's defective vision, he would not be qualified for permanent appointment. On November 25, 1974, the Rensselaer County Civil Service Commission sent a letter to the East Greenbush Town Supervisor stating that "[s]ince Mr. Lockman does not meet the qualifications as prescribed by statute he must be removed from the position of Police Officer."

The petitioner commenced the instant proceeding to annul the above-quoted determination of the Rensselaer County Civil Service Commission. The sole contention of the petitioner upon this appeal is that the respondent having once certified him as eligible for the position cannot thereafter revoke such certification and terminate his employment upon the ground that he did not meet the physical eligibility requirements. He does not dispute the fact that he did not meet the requirements as to visual acuity at the time he was appointed (cf. *Matter of Canarelli v New York State Dept. of Civ. Serv.,* 44 AD2d 645).

The statutory scheme set forth in section 50 of the Civil Service Law directs that civil service commissions fully examine an applicant's eligibility prior to his appointment to a position for which he has applied. In the event that the commission should find a disqualification prior to appointment, subdivision 4 of the said section 50 provides that the person is to be given a written statement of the reasons for such disqualification and afforded an opportunity to challenge the same. (See *Matter of Canarelli v New York State Dept. of Civ. Serv., supra,* p 646.) Apparently to remedy a possible

mistake in examining a person's eligibility prior to appointment or the initial appointment of an ineligible person, subdivision 4 of section 50 of the Civil Service Law provides in part: "Notwithstanding the provisions of this subdivision or any other law, the state civil service department or appropriate municipal commission may investigate the qualifications and background of an eligible after he has been appointed from the list, and upon finding facts which if known prior to appointment, would have warranted his disqualification, or upon a finding of illegality, irregularity or fraud of a substantial nature in his application, examination or appointment, may revoke such eligible's certification and appointment and direct that his employment be terminated, provided, however, that no such certification shall be revoked or appointment terminated more than three years after it is made, except in the case of fraud."

In *Matter of Wolff v Hodson* (285 NY 197, 202) it was held that the Civil Service Commission could not

"refuse to recognize an appointment made from its own eligible list merely because it erred in its determination of matters which it alone had power and jurisdiction to determine. * * *

"A different question is presented where a statute or ordinance defines required qualifications for appointment to office instead of placing upon the Civil Service Commission the function and duty of determining such qualifications. Then, perhaps, the appointing officer may share with the Civil Service Commission the responsibility of determining whether eligibility exists, and neither can confer upon an applicant eligibility for appointment denied to him by the Legislature."

The present record establishes that the petitioner's certification of eligibility and his actual appointment resulted from ineptness on the part of the appropriate administrative authorities in regard to their failure to make a preliminary determination as to whether or not he met the required visual acuity standard. Nevertheless, it is apparent that, unlike the situation in the *Wolff* case, the faulty certification of eligibility did not result from any determination by the Civil Service Commission over which it alone had power and jurisdiction. The Legislature in section 58 (subd 1, par [c]) of the Civil Service Law has expressly prohibited the employment of persons as police officers who do not meet specific physical requirements. That such requirements are formulated pursu-

ant to a delegation of power by the Legislature does not change their status into a matter over which the Civil Service Commission would have jurisdiction and power to determine. Of course, if a factual determination as to whether or not a person met the requirements were necessary, the matter might then be of a different legal view. (See Civil Service Law, § 50, subd 4; cf. *Matter of Wolff v Hodson, supra.)*

Assuming for present purposes that subdivision 4 of section 50 of the Civil Service Law would constitute a waiver of the eligibility requirements on and after three years from the time of certification or appointment, the present record establishes that the illegality of the appointment was discovered and acted upon before three years had passed. The certification and appointment having been in direct violation of section 58 of the Civil Service Law, the petitioner's termination from employment as determined by the respondent must be affirmed.

The judgment should be affirmed, without costs.

SWEENEY, MAIN, LARKIN and REYNOLDS, JJ., concur.

Judgment affirmed, without costs.