### (November 20, 1975)

■ In the Matter of JOHN GIANGIACOMO, Appellant, v VILLAGE OF LIBERTY et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered December 16, 1974 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to reinstate him to his former position as Building Inspector of the Village of Liberty. The facts giving rise to this proceeding are fully set forth in the decision of Special Term (80 Misc 2d 48). There, it was determined that the charges were properly laid against petitioner pursuant to section 75, and not section 50, of the Civil Service Law, and that there was no statutory bar to the commencement of the removal proceedings as contained in subdivision 4 of section 75 after the expiration of three years. We conclude that subdivision 4 of section 50 of the Civil Service Law by its terms has application to persons in permanent civil service appointments and applies to cases where certification and appointment may be revoked upon a finding of illegality, irregularity or fraud of a substantial nature in the appointee's application. The statute further provides "that no such certification shall be revoked or appointment terminated more than three years after it is made, except in the case of fraud." The appointment in question was made more than three years prior to its termination, and, thus, the only issue is whether fraud of a substantial nature existed in connection with petitioner's application. Under the circumstances here, where the ground for dismissal involved false statements concerning a 20-year-old criminal record, we are of the opinion that such record would not at this time properly form the basis for the disqualification of petitioner, especially since he has not been found guilty of misconduct or incompetence in the performance of his duties *(Matter of Leonardo v Civil Serv. Comm. & Office of Personnel of County of Monroe,* 34 NY2d 760). In any event, since the proper section under which to bring this proceeding is section 50 of the Civil Service Law, the "appropriate municipal commission" was neither the village manager nor the village board but was the personnel officer of Sullivan County. (See Civil Service Law, § 2, subd 4.) Judgment reversed, on the law and the facts, and petition granted, without costs. Greenblott, J. P., Sweeney, Koreman, Main and Reynolds, JJ., concur. [80 Misc 2d 48.]