Annick M. BERNS, Plaintiff-Appellee,

v.

CIVIL SERVICE COMMISSION, CITY OF NEW YORK, et al., Defendants-Appellants.

No. 854, Docket 75–6121.

United States Court of Appeals, Second Circuit.

Argued April 30, 1976.

Decided June 29, 1976.

As Amended on Denial of Rehearing Sept. 10, 1976.

---

Samuel Resnicoff, New York City, for plaintiff-appellee.

L. Kevin Sheridan, New York City (W. Bernard Richland, Corp. Counsel of the City of New York, and Reuben David, New York City, on the brief), for defendants-appellants.

Before LUMBARD, WATERMAN and MESKILL, Circuit Judges.

LUMBARD, Circuit Judge:

The Civil Service Commission of the City of New York (CSC) has brought this appeal from a judgment of the Southern District, entered on October 21, 1975, that declared illegal the termination of Annick M. Berns as a police administrative aide and permanently enjoined the CSC from terminating Berns for failure to meet educational requirements. We find that although the procedure through which Berns was terminated violated her due process rights under the Fourteenth Amendment, the district court exceeded its jurisdiction in fashioning a remedy. We therefore affirm the finding of a due process violation but reverse the grant of a permanent injunction.

The facts are undisputed. In December 1972 Annick Berns, plaintiff below, applied to take a civil service examination for the position of police administrative aide in New York City. Applicants were notified that the position required that they have a high school diploma or its equivalent. Plaintiff stated on her application that she had graduated from high school and it is not alleged that this answer was made in bad faith.

Berns achieved a sufficiently high score on the examination to be placed on a list of eligibles, and on April 30, 1973 she was appointed to the position of police administrative aide for a probationary period of six months. Following the satisfactory completion of this trial period on October 29, 1973, Berns was retained in her position and thereby became a "permanent" employee. N.Y.C.R.R. Civil Service § 4.5(a)(3). Rating reports indicated that Berns's performance ranged from satisfactory to superior and the CSC has not contended that appellee is anything but an ideal employee. In March 1974, Berns took and passed the New York State High School Equivalency Diploma Examination.

On November 6, 1974, however, Berns was notified that her employment would be terminated for failure to meet educational requirements in that her French academic career did not constitute the equivalent of a high school diploma.

Berns was born in France and attended school there until 1959. She last received a diploma from a French school in 1957 when she was 14 years of age. To obtain this diploma, Berns successfully completed courses in algebra, chemistry, mathematics, history, and foreign languages. She continued her academic career in France and received a Certificate of Completion from Ecole d'Hotesses de Paris, which apparently offered courses relevant to scholarly studies and the social graces.

Berns was subsequently informed that no oral appeal of the decision to terminate her employment would be allowed, although a written appeal would be considered. Berns submitted a letter to support her position that her education was sufficient to satisfy the CSC's requirements, but, on February 26, 1975, her appeal was denied. Berns then instituted this action in the district court to have her termination invalidated and for damages. At the request of the police department, she has been retained in her position pending the outcome of this litigation.

Judge Tenney found that upon expiration of her six-month probationary period, Berns became a tenured employee and could not be dismissed without a prior hearing. He further held that while the French and American educational systems were not functional equivalents, plaintiff's education was sufficient to entitle her truthfully to answer on her application to take the civil service examination that she held the equivalent of a high school diploma. Judge Tenney thus granted summary judgment for Berns and permanently enjoined the CSC from removing her from employment for failure to meet educational requirements. This appeal followed.

We agree with Judge Tenney that the summary dismissal without a prior hearing violated Berns's right to due process of law under the Fourteenth Amendment. In making this determination, a federal court must look to state law to determine whether the employee has satisfied the requirements for attaining a property interest in the job that will be protected by the due process clause. See *Bishop v. Wood*, —— U.S. ——, 96 S.Ct. 2074, 48 L.Ed.2d 684, 44 U.S.L.W. 4820 (1976). Cf. *Demorest v. City Bank Farmers Trust Co.*, 321 U.S. 36, 64 S.Ct. 384, 88 L.Ed. 526 (1944). Under New York law, Berns achieved this status when she was retained beyond her six month probationary period. See *McCarthy v. Board of Education of Union Free School District No. 3*, 73 Misc.2d 225, 340 N.Y.S.2d 679, 685 (Sup.Ct.1973); N.Y. Civil Service Law § 75; N.Y.C.R.R. Civil Service § 4.5(a)(3). By remaining a police administrative aide after October 29, 1973, Berns acquired an "enforceable expectation of continued public employment," *Bishop v. Wood*, supra, and her employment could not thereafter be terminated in the absence of procedural safeguards, including at a minimum, a pre-dismissal hearing of the charges made against her. See *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Vega v. Civil Service Commn.*, 385 F.Supp. 1376 (S.D.N.Y.1974), vacated as moot, Docket No. 75–7007 (2d Cir. 1975).

This requirement of a predismissal hearing is not altered by the provisions of New York Civil Service Law § 50(4) which permit the CSC to investigate the qualifications of en employee after appointment and to revoke the appointment upon finding facts which if previously known would have disqualified the appointee. Appellant argues that Berns was never properly accorded permanent employee status because, had it known the facts of her educational background when it received her application, she would not have been certified to take the December 1972 examination. Therefore, the CSC contends, revocation of that certificate subsequent to the examination makes her appointment void *ab initio*. We disagree.

Even if § 50(4) is interpreted as providing a procedure for summary dismissal rather than just grounds for dismissal in accordance with procedural safeguards, the state courts have refused to invoke the statute to

deny a preterminational hearing to an employee otherwise entitled to one. In *Canarelli v. New York State Dep't of Civil Service*, 44 A.D.2d 645, 353 N.Y.S.2d 275 (4th Dept. 1974), post-appointment investigation of a permanent employee revealed doubt as to whether he had satisfied an educational prerequisite to his appointed position. There was no allegation of fraud and no contention that the appointee had not performed his work in a commendable manner during his 1½ years of employment. The court held that, given these circumstances, the State Department of Civil Service could not summarily dismiss the employee under § 50(4), but was required to grant him a hearing at which evidence of his satisfaction of the educational requirement could be adduced.

In *Kelliher v. New York State Civil Service Comm'n*, 21 Misc.2d 1034, 194 N.Y.S.2d 89 (Sup.Ct.Special Term 1959), the court held that where "there is no question of fraud or bad faith," the power to dismiss conferred by § 50(4) could be exercised only where the irregularity leading to the certification of the employee relates to a matter "bearing substantially upon the basic qualifications of the individual or upon the purposes and effectiveness of the civil service system." 194 N.Y.S.2d at 95. In light of appellee's meritorious performance of her duties since her appointment, no claim has been alleged here by CSC that she is basically unqualified or that her employment is detrimental to the service. Thus we conclude that the state courts would not deny Berns a pre-termination hearing on the basis of Civil Service Law § 50(4) and that that provision does not constitute a bar to her expectation of continued employment.

█ Since state law provides that the mere passage of time accords to Berns an enforceable property interest in her job and, in these circumstances, the CSC could

not have deprived her of a hearing by declaring her appointment void *ab initio*, her dismissal without a hearing must be vacated as a violation of her right to due process. Once that right has been vindicated, however, the federal interest in this litigation ceases. Judge Tenney apparently thought that a determination of whether Berns's educational background provided the equivalent to a high school diploma was essential to the question of whether she was entitled to any due process rights. He therefore addressed the issue and decided it in appellee's favor. However, as we have concluded that in this situation appellee's status as a permanent employee conferred a right to a pre-termination hearing upon her, we find no need or jurisdictional basis for the federal court to determine whether Berns possessed the equivalent of a high school diploma. That question is exclusively one of state law to be addressed by the CSC in the first instance and by the state courts.[1] A federal court is not qualified to determine the significance that New York will lend to Berns's educational background and, as the question is unrelated to enforcement of her due process rights, no independent federal ground exists for us to usurp the state's function in this matter. As this court "is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies," *Bishop v. Wood*, supra, —— U.S. at ——, 96 S.Ct. at 2080, 44 U.S.L.W. at 4822–23, we must decline to instruct state agencies as to what constitutes compliance with their own regulations.

We therefore reverse that part of Judge Tenney's decision that permanently enjoins the CSC from relitigating the adequacy of Berns's educational background and from dismissing her for failure to meet educational requirements. We require only that any attempt to dismiss appellee be preceded

1. New York procedure allows appeal of any CSC action to be taken to the state courts, which have demonstrated solicitude for the rights of civil servants. See *Leonardo v. Civil Service Comm.*, 34 N.Y.2d 760, 358 N.Y.S.2d 136, 314 N.E.2d 876 (1974); *Giangiacomo v. Village of Liberty*, 50 A.D.2d 666, 375 N.Y.S.2d 223 (3d Dept. 1975); *Canarelli v. New York State Dept. of Civil Service*, 44 A.D.2d 645, 353 N.Y.S.2d 275 (4th Dept. 1974); *Kelliher v. New York State Civil Service Commn.*, 21 Misc.2d 1034, 194 N.Y.S.2d 89 (Sup.Ct.Special Term 1959).

by a hearing at which she or her counsel may present arguments and facts in support of her alleged satisfaction of eligibility regulations. We do not require a full trial-type hearing.

The cause is remanded to the district court for proceedings consistent with this opinion.