■ In the Matter of BETTY MESSING, Petitioner, v RICHARD J. BARTLETT, as State Administrator of the Judicial Conference and Administrative Board of the State of New York, Respondent.—Proceeding pursuant to CPLR

article 78 (transferred to this court by order of the Appellate Division of the Supreme Court in the First Judicial Department pursuant to CPLR 5711) to review a determination of the Appellate Divisions, First and Second Judicial Departments, which dismissed petitioner from her position of psychologist in the Family Court. The petitioner, Betty Messing, became employed by the Family Court of the State of New York (New York City) in 1964 as a psychologist. In July of 1974 she successfully passed a civil service examination for the position of *senior* psychologist and after having been placed upon an eligible list she applied for such an appointment (promotion). As a result of her request for action, a Leah Marks, as Deputy Executive Officer of the Family Court (City of New York), reviewed her personnel file and determined that the petitioner was guilty of misconduct whereupon she was charged in writing dated September 30, 1974 with some 10 specifications, including incompetency. At its very inception, this proceeding is remarkable because the employment lasted 10 years without those supposedly serious matters having been pressed by earlier administrators or supervisors. Hearings were held before an officer duly designated for the purpose of conducting a hearing and reporting a record thereof with his recommendations "to the Appellate Division, First and Second Judicial Departments, for review and decision." The hearing officer in a lengthy document dated May 30, 1975 reviewed the evidence and, after finding that in his opinion petitioner was guilty of all specifications except Nos. 2 and 9, recommended her dismissal. The Appellate Division, First and Second Judicial Departments, thereupon entered into a "joint" order dated June 30, 1975 which finds that the petitioner was guilty of all specifications except Nos. 2 and 9 and dismisses her from employment. Perhaps having in mind a situation such as the present one, both sections 75 and 50 of the Civil Service Law and sections 25.32 and 25.13 of the Rules of the Administrative Board (22 NYCRR 25.32, 25.13) provide that incidents of incompetency or misconduct are barred after three years, unless criminal, and matters bearing on eligibility for employment are likewise barred after three years unless fraud is involved. In the present case at least two of the charges against petitioner (Nos. 2 and 4) could be barred by the three-year period and no findings relevant thereto have been made through the administrative procedures pursued herein. Nevertheless, the finding that the petitioner was incompetent in the performance of her duties as a psychologist is supported by substantial evidence as to the performance of such duties and even if there is error as to the findings of guilt on other specifications, the finding of incompetency supports her dismissal from employment (see *Matter of Leonardo v Civil Serv. Comm. & Off. of Personnel of County of Monroe,* 34 NY2d 760; cf. *Matter of Giangiacomo v Village of Liberty,* 50 AD2d 666, affd 40 NY2d 957). Accordingly, further independent consideration of the individual specifications or charges are unnecessary in this case. Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.