**Marvin R. ROBINSON, Plaintiff,**

v.

**The CIVIL SERVICE COMMISSION, City of New York, Alphonse E. D'Ambrose, Personnel Director and Chairman, Department of Personnel, Civil Service Commission, Benjamin J. Malcolm, Commissioner, Department of Correction, City of New York and Harrison J. Goldin, as Comptroller, City of New York, Defendants.**

**No. 76 Civ. 1517 (WCC).**

United States District Court, S. D. New York.

Dec. 22, 1977.

Biaggi, Ehrlich & Lang, New York City, for plaintiff; Bernard G. Ehrlich, New York City, of counsel.

W. Bernard Richland, New York City, Corp. Counsel, for defendants; Michael S. Cecere, New York City, of counsel.

## MEMORANDUM AND ORDER

CONNER, District Judge.

This is a civil rights action for injunctive and declaratory relief brought pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343 and 28 U.S.C. § 2201, *inter alia*. Plaintiff, formerly a Correction Officer employed by the New York City Department of Correction, contends that he had achieved tenure in his position as a Correction Officer and that he was summarily dismissed without a hearing from his position in violation of his right to equal protection and procedural due process under the Fifth and Fourteenth Amendments. Presently before the Court are plaintiff's motion and defendants' cross-motion for summary judgment. F.R.Civ.P. 56.

Plaintiff, a discharged veteran, successfully competed in an open examination for the position of Correction Officer. In order to advance his position on the eligible list generated by the examination, plaintiff claimed veteran's preference credits pursuant to New York Constitution, Art. 5, § 6, and New York Civil Service Law § 85, which provide that certain additional credit may be added to the score of a veteran in the competitive examination. On the basis of his adjusted score, plaintiff was appointed to the position of Correction Officer on January 24, 1974; it is conceded that plaintiff would not have been reached for appointment without the use of these credits. On July 24, 1974, plaintiff satisfactorily completed the required six-month probationary period.

New York Law prohibits a person from using veteran's credits more than once to secure a position with the Civil Service. New York Civil Service Law § 85; New York Constitution Art. 5, § 6. An investigation conducted subsequent to plaintiff's appointment revealed that he had previously used his veteran's credits to obtain a position as a Railroad Clerk with the New York City Transit Authority—a position from which he resigned in order to assume his position as a Correction Officer. Accordingly, on December 5, 1975, plaintiff was summarily dismissed from his position as a Correction Officer, without a hearing, and merely upon notice that he had previously used veteran's credits to obtain another position. Plaintiff appealed his termination to the City Civil Service Commission on December 3, 1975, which appeal was denied on February 18, 1976. This action followed.

Both parties agree that the issue before this Court is whether plaintiff has acquired a sufficient expectancy of continued employment to constitute a property interest protected by the Due Process Clause of the Fourteenth Amendment, and that the sufficiency of plaintiff's claim of entitlement must be decided by reference to state law. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Perry v. Sinderman*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Berns v. Civil Service Commission*, 537 F.2d 714 (2d Cir. 1976).

Under New York Law, a permanent employee may not be removed "except for incompetency or misconduct shown after a hearing upon stated charges * * *" New York Civil Service Law § 75(1)(a). Section 50(4) of the Civil Service Law, however, provides that

"Notwithstanding the provisions of this subdivision [stating grounds for disqualification of applicants or eligibles] or any other law, the state civil service department or appropriate municipal commission may investigate the qualifications and background of an eligible after he has been appointed from the list, and upon finding facts which if known prior to appointment, would have warranted his disqualification, or upon a finding of illegality, irregularity or fraud of a substantial nature in his application, examination or appointment, may revoke such eligible's certification and appointment and direct that his employment be terminated, provided, however, that no such certification shall be revoked or appointment terminated more [no later] than three years after it is made, except in the case of fraud."

Plaintiff relies on a line of New York cases limiting the power of a civil service commission under § 50(4) to revoke the appointment of an employee who has satisfactorily completed the required probationary period.

In *Canarelli v. New York State Department of Civil Service*, 44 A.D.2d 645, 353 N.Y.S.2d 275 (4th Department 1974), the court held that where an applicant is appointed on the basis of error made by the Civil Service Commission "in matters which it alone had power and jurisdiction to determine, *e. g.*, misgrading a test or incorrectly interpreting accurately furnished information on an application, the appointee may not be removed after his appointment has become permanent * * *." At 353 N.Y.S.2d 278. In that case the employee was summarily dismissed for failure to complete a two-term geometry course. The court ordered the Department of Civil Service to hold a hearing to permit the employee to present evidence that the college course he took was the equivalent of that required.

Similarly, in *Kelliher v. New York State Civil Service Commission*, 21 Misc.2d 1034, 194 N.Y.S.2d 89 (Sup.Ct.Orange Co.1959), a case in which a county civil service commission revoked the appointment of a patrolman to police sergeant upon its finding that the patrolman should not have been given a passing mark on the examination because of an incorrect answer to one question, the court held:

"notwithstanding the provisions of * * * Section 50 conferring upon the Commission the power to take such action, there

must exist substantial grounds to justify the exercise of the power particularly where, as here, there is no question of fraud or bad faith. If error or mere irregularity in proceedings leading to the certification of the employee is the alleged ground for action, the error or irregularity must be 'of a substantial nature', that is, relating to a matter bearing substantially upon the basic qualifications of the individual or upon the purposes and effectiveness of the civil service system."

In determining whether the dismissal of a civil service employee without a hearing on the basis of a post-appointment investigation violates the due process clause, federal courts have looked to these and other New York cases construing the effect of § 50(4) on the rights a permanent employee would otherwise enjoy under § 75; they have held that where New York courts would prohibit summary dismissal under § 50(4), an employee possesses an enforceable expectation of continued employment and therefore has a constitutional right to a pretermination hearing. *Berns v. Civil Service Commission, supra* (equivalent education); *Hewitt v. D'Ambrose*, 418 F.Supp. 966 (S.D.N.Y. 1976) (age requirement); *Vega v. Civil Service Commission*, 385 F.Supp. 1376 (S.D.N.Y.1974), vacated as moot, Docket No. 75–7007 (2d Cir. 1975) (age requirement).

Defendants argue, however, that New York law does not prohibit summary dismissal under § 50(4) in the case of an improper application for veteran's preference credits and that plaintiff therefore has no property interest in his employment and no constitutional right to a pretermination hearing.

■ As defendants point out, the state and federal cases cited by plaintiff involved the termination of an employee for failure to meet a requirement for appointment established solely by the rules of the Civil Service Commission, or because of ministerial error in grading an examination. Under New York law, however, an employee has no expectation of continued employment where he fails to comply with require-

ments for appointment to office defined by statute or ordinance as opposed to Civil Service Commission rule or regulation. In *Wolff v. Hodson*, 285 N.Y. 197, 33 N.E.2d 90 (1941), the court reversed the summary termination of an employee for lack of a "manifest equivalent" of certain educational requirements, but noted:

"A different question is presented where a statute or ordinance defines required qualifications for appointment to office instead of placing upon the Civil Service Commission the function and duty of determining such qualifications. Then, perhaps, the appointing officer may share with the Civil Service Commission the responsibility of determining whether eligibility exists, and neither can confer upon an applicant eligibility for appointment denied to him by the Legislature." 285 N.Y. at 202, 33 N.E.2d at 92.

See also *Perotta v. Gregory*, 4 Misc.2d 769, 158 N.Y.S.2d 221, 225 (Sup.Ct.Spec. Term New York Co. 1957); *Romanchuk v. Murphy*, 200 Misc. 987, 103 N.Y.S.2d 704 (Sup. Ct.Spec. Term New York Co. 1951).

■ This distinction was recently reaffirmed by the Appellate Division in upholding the summary dismissal of a police officer whose failure to meet the visual acuity requirement for that position was discovered after his appointment. The court said:

"The present record establishes that the petitioner's certification of eligibility and his actual appointment resulted from the ineptness on the part of the appropriate administrative authorities in regard to their failure to make a preliminary determination as to whether or not he met the required visual acuity standard. Nevertheless, it is apparent that, unlike the situation in the *Wolff* case, the faulty certification of eligibility did not result from any determination by the Civil Service Commission over which it alone had power and jurisdiction. The legislature * * * has expressly prohibited the employment of persons as police officers who do not meet specific physical requirements * * *."

The Court thus affirmed the termination of the petitioner's employment as having been "in direct violation" of Civil Service Law. *Lockman v. Van Voris,* 49 A.D.2d 285, 374 N.Y.S.2d 778 (3d Dept. 1975).[1]

Similarly, in *O'Neill v. Civil Service Commission,* Memorandum Opinion, 75 Civ. 5032, Stewart, D. J., (S.D.N.Y. July 15, 1977) the court found no violation of procedural due process in plaintiff's dismissal without a hearing for failure to meet a statutory residency requirement for veteran's preference credits, since "a person who has been appointed to a job in violation of [Civil Service Law and the New York Constitution] has no legitimate claim of entitlement to this employment." See also *Vega v. Civil Service Commission, supra* at 1380 n. 8.

■ Here, too, plaintiff was appointed to his job in violation of § 85 of the Civil Service Law and Art. 5, § 6 of the New York Constitution, which prohibit the use of veteran's preference credits to secure more than one civil service position.

This Court therefore finds that plaintiff's discharge from his position as a correction

1. In *Lockman,* the plaintiff's violation of the statutory requirement was conceded. The court noted, however, that if a factual determination as to whether or not a person met the requirements were necessary, summary dismissal might be inappropriate. *Lockman v. Van Voris, supra,* 374 N.Y.S.2d at 781. In this case plaintiff contends that he had not in fact exhausted his veteran's credits; he relies on § 85(4) of the New York Civil Service Law, which provides:

> "(b) Where, at the time of establishment of an eligible list, the position of a veteran or disabled veteran on such list has not been affected by the addition of credits granted under this section, the appointment or promotion of such veteran or disabled veteran, as the case may be, from such eligible list shall not be deemed to have been made from an eligible list on which he was allowed the additional credit granted by this section.
>
> (c) If, at the time of appointment from an eligible list, a veteran or disabled veteran is in the same relative standing among the eligibles who are willing to accept appointment as if he had not been granted the additional credits provided by this section, his appointment from among such eligibles shall not be deemed to have been made from

officer without a hearing did not deprive him of a property interest protected by the Fifth or Fourteenth Amendment. Accordingly, plaintiff's motion for summary judgment is denied, and defendant's cross-motion for summary judgment is hereby granted.

SO ORDERED.

an eligible list on which he was allowed such additional credits."

Plaintiff claims that at the time of his appointment from the eligible list to his position with the New York City Transit Authority he was in the same relative standing among the eligibles as if he had not been granted additional credit and therefore that he should not be deemed to have used veteran's credits to secure the prior position.

This contention, however, was not presented in the state proceedings. Plaintiff's only stated basis for appeal of his dismissal to the Civil Service Commission, contained in a letter dated December 5, 1975, was that

> "[t]he Department of Correction was fully aware at the time of his application as to his prior veteran status and usage thereof. At that time no effort was made to dissuade the applicant from veterans preference and now after virtually two years of service, the Officer has arbitrarily been terminated."

Therefore, even if summary dismissal would be inappropriate in the face of a factual challenge, no such allegation or evidence was presented to the Civil Service Commission. Thus the Commission's disposition of the matter on the presentation made by the plaintiff cannot be said to have violated due process.