Matter of Espinal v County of Nassau (2019 NY Slip Op 03785)





Matter of Espinal v County of Nassau


2019 NY Slip Op 03785


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-03762
 (Index No. 6696/16)

[*1]In the Matter of Nelson Espinal, respondent,
v
County of Nassau, et al., appellants.


Jared A. Kasschau, County Attorney, Mineola, NY (Brian Libert of counsel; Robert Miles on the brief), for appellant.
Law Offices of Louis D. Stober, Jr., LLC, Mineola, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Nassau County Civil Service Commission revoking the petitioner's eligibility certification and appointment, terminating his employment as a Sewage Treatment Operator, and disqualifying him from the eligible list for the position of Industrial Waste Control Specialist I, the appeal is from a judgment of the Supreme Court, Nassau County (Denise L. Sher, J.), entered February 22, 2017. The judgment, insofar as appealed from, in effect, granted so much of the petition as sought to restore the petitioner's eligibility certification and appointment and his employment as a Sewage Treatment Operator, with back pay and benefits, and to restore the petitioner to the eligible list for the position of Industrial Waste Control Specialist I.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In 2011, in connection with his application for the position of Sewage Treatment Operator, the petitioner disclosed certain criminal history to the respondent Nassau County Civil Service Commission (hereinafter the Commission). Subsequently, the Commission sent letters to the petitioner stating that additional documents were required relating to his criminal history. The Commission sought, among other documents, a revised letter of explanation describing why the petitioner failed to disclose other prior criminal convictions in his criminal history. Even though he did not provide the documents sought by the Commission, the petitioner, due to administrative error, was certified eligible and, subsequently, appointed to the position of Sewage Treatment Operator.
The petitioner later claimed that during the 2011 investigation into his criminal background he disclosed certain criminal convictions, but was not asked about certain other out-of-state convictions. He asserted that he was under the impression that the additional documents the Commission sought pertained to an investigation of him for a different position that he had applied for, but that he no longer wished to pursue.
Subsequently, the sewage treatment plant where the petitioner worked was to be privatized. In accordance with an agreement enabling employees who did not want to work for the privatized company to be transferred to other job titles or work locations, the petitioner applied for the position of Industrial Waste Control Specialist I. In 2016, in connection with his application for the position of Industrial Waste Control Specialist I, the petitioner disclosed prior criminal convictions that had not been disclosed when he applied for the position of Sewage Treatment Operator.
In a letter dated February 23, 2016, the Commission notified the petitioner that it was revoking his eligibility certification and appointment, terminating his employment as a Sewage Treatment Operator, and disqualifying him from the eligible list for the position of Industrial Waste Control Specialist I. Its grounds for so doing were "disrespect for the process of law and order as evidenced by your record of convictions and failure to cooperate with your investigation." By letter dated April 20, 2016, the Commission added the ground, "failure to disclose material facts." The petitioner pursued an administrative appeal. He submitted, inter alia, letters attesting to his good character and good work performance, as well as educational and training certificates he had earned. In a letter dated July 20, 2016, the Commission indicated that it had determined that the "original notification of disqualification stands, and that [the petitioner] will be terminated from his position of Sewage Treatment Operator and removed from Industrial Waste Control Specialist I List."
The petitioner commenced this proceeding pursuant to CPLR article 78 against the County of Nassau and the Commission (hereinafter together the appellants) to review the Commission's determination. In a judgment entered February 22, 2017, the Supreme Court, inter alia, in effect, granted so much of the petition as sought to restore the petitioner's eligibility certification and appointment and his employment as a Sewage Treatment Operator, with back pay and benefits, and to restore the petitioner to the eligible list for the position of Industrial Waste Control Specialist I.
Judicial review pursuant to CPLR 7803(3) of a determination made without a formal hearing is limited to whether the determination was arbitrary or capricious or without a rational basis in the administrative record, and once it has been determined that an agency's conclusion has a sound basis in reason, the judicial function is at an end (see Matter of Peckham v Calogero, 12 NY3d 424, 431; Matter of Levine v N.Y.C. Taxi & Limousine Commn., 136 AD3d 1037, 1038-1039 [internal quotation marks omitted]). Under the Civil Service Law, the state civil service department or appropriate municipal commission may investigate the qualifications and background of an eligible individual after he or she has been appointed, and may revoke a certificate of appointment and direct the termination of employment, "upon finding facts which if known prior to appointment, would have warranted his [or her] disqualification, or upon a finding of illegality, irregularity or fraud of a substantial nature in his [or her] application, examination or appointment . . . provided, however, that no such certification shall be revoked or appointment terminated more than three years after it is made, except in the case of fraud" (Civil Service Law § 50[4]).
Here, the Commission's determination to revoke the petitioner's eligibility certification and appointment and terminate his employment as a Sewage Treatment Operator was arbitrary, capricious, and without a rational basis in the administrative record. Since the petitioner was appointed to this position in 2011, the Commission was precluded in 2016 from revoking his certification and terminating his appointment from this position on a ground other than fraud (see Civil Service Law § 50[4]; Matter of Crossfield v Schuyler County, 151 AD3d 1448, 1450; Matter of Giangiacomo v Village of Liberty, 50 AD2d 666, 666, affd 40 NY2d 957). The Commission did not purport to base its determination on the ground of fraud. Moreover, under the circumstances presented, the record did not reveal the existence of fraud of a substantial nature in connection with petitioner's application (see Civil Service Law § 50(4); Matter of Giangiacomo v Village of Liberty, 50 AD2d at 666).
Further, the Commission's determination to disqualify the petitioner from the eligible list for the position of Industrial Waste Control Specialist I was arbitrary, capricious, and without a rational basis in the administrative record. Since it is undisputed that the petitioner disclosed his prior convictions when seeking this position, the record provided no sound basis to conclude that the petitioner failed in 2016 to cooperate with the investigation or to disclose material facts. With respect to the petitioner's criminal convictions, "[a]rticle 23-A of the Correction Law protects persons who seek employment, after having been convicted of one or more criminal offenses, from unfair discrimination. It is impermissible for a public agency or private employer to deny a license or employment application by reason of the individual's having been previously convicted of one or more criminal offenses' (Correction Law § 752), unless one of two exceptions applies" (Matter of Dempsey v New York City Dept. of Educ., 25 NY3d 291, 298). In considering whether one of the exceptions applies, the public agency or private employer must consider eight factors enumerated in Correction Law § 753 (see Matter of Dempsey v New York City Dept. of Educ., 25 NY3d at 298-299). Absent from the record here was any indication that the Commission determined that an [*2]exception to Correction Law § 752 was applicable or considered the factors to be applied in making that determination.
Accordingly, we agree with the Supreme Court's determination granting so much of the petition as sought to restore the petitioner's eligibility certification and appointment and his employment as a Sewage Treatment Operator, with back pay and benefits, and to restore the petitioner to the eligible list for the position of Industrial Waste Control Specialist I.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court